IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **UNLEASHED ENTERTAINMENT, LLC**  *Plaintiff,*  v.  **CBD GLOBAL SCIENCES,**  *Defendant.* | Case No. 1:21-cv-928  **JURY TRIAL DEMANDED** |

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

Plaintiff UNLEASHED ENTERTAINMENT, LLC brings this civil action against Defendant CBD GLOBAL SCIENCES, alleging that Defendant conspired with former reality TV star Duane "Dog the Bounty Hunter" Chapman to engage in a campaign of fraud on the general public in making radical health claims that are unsubstantiated and illegal in order to sell CBD drinks and in conversion of property belonging to the Plaintiff. Duane Chapman is subject to arbitration and thus not a Defendant in this action. Plaintiff seeks an order requiring Defendant to disgorge its profits and enjoining the Defendant from further use of property belonging to the Plaintiff.

**JURISDICTION**

1.   Plaintiff brings this lawsuit pursuant to Section 1332(a)(1), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

2. Unleashed Entertainment, LLC is a Limited Liability Corporation organized under the laws of the State of Wyoming.

3. Unleashed Entertainment LLC has a principal office in Virginia and Georgia.

4. Defendant CBD Global Sciences is organized under the laws of the State of Colorado.

5. CBD Global Sciences has a principal office in Colorado.

6. Defendant resides in this district, and the actions giving rise to this Complaint occurred in Colorado, making jurisdiction in this Court appropriate.

## PARTIES

7. Plaintiff Unleashed Entertainment, LLC is a provider of streaming entertainment services online. Unleashed is in the business of procuring entertainment to offer subscribers to their streaming media platform.

8. Defendant CDB Global Sciences is a company that grows, markets, and sells marijuana products under many different names. Defendant entered a contract with an unnamed third party, Duane Chapman, who is subject to arbitration, to market these marijuana products using Plaintiff's property.

9. Duane Chapman is a former reality TV celebrity whose company granted Plaintiff an exclusive license to all usage of the "Dog Unleashed" brand. Chapman later conspired with CBD Global Sciences to convert the property of the Plaintiff in order to raise ill-gotten profits. Upon information and belief, this amount exceeds $100,000. Chapman is subject to a separate arbitration action pursuant to his contract with Plaintiff.

10. Plaintiff is currently undergoing the arbitration proceedings and seeks that this injunction to be in place until resolution of that arbitration.

## STATEMENT OF FACTS

11. On September 5, 2020, non-parties Duane Chapman and Francie Frane entered an agreement with Unleashed Entertainment to produce a show called "Dog Unleashed."

12. "Dog Unleashed" in its name and its concept was a creation of Unleashed Entertainment.

13. The agreement between Plaintiffs and non-parties Chapman and Frane conveys an exclusive right and interest in the use of the name "Dog Unleashed," to include all marketing for the show, to Unleashed Entertainment.

14. Non-parties Chapman and Frane began to live a lifestyle far outside their means, spending large sums of money on personal luxuries such as first class flights, luxury hotels, marijuana, and large untraceable cash advances to themselves.

15. Unleashed Entertainment became concerned about production and assigned an investigator to explore whether the company was the victim of fraud. During that investigation Unleashed Entertainment became aware of the relationship between the Defendant and non-parties Chapman and Frane, who had entered into a contract on or about December 15, 2020 that converts Plaintiff property for the Defendant and non-parties' ill-gotten gain.

16. Plaintiff informed non-parties Chapman and Frane that the arrangement was inappropriate, and the use of the name must end immediately.

17. Talks between Plaintiff and non-parties Chapman and Frane broke down as allegations surfaced of illegal activity on set and the use of racial and homophobic epithets.

18. On January 30, 2021, Unleashed delivered a formal letter to non-parties Chapman and Frane suspending all work on the show "Dog Unleashed." Defendant continued to market their products with material from the show "Dog Unleashed" after knowing the program was suspended.

19. On March 20, 2021, Unleashed Entertainment notified CBD Global Sciences that they must cease and desist any marketing or sales related to "Dog Unleashed CBD." Service on the Defendant proved elusive and email contact to the company has been ignored.

20. On March 24, 2021, just four days after being noticed that their ongoing conduct was illegal, Defendant and non-party Chapman launched a website that purports to sell some "interest" in some "securities" governed by the laws of a foreign country. The website includes a description of the "product," promising buyers a 10% "royalty" paid off of other purchases of the "product" by other consumers. This is a classic ponzi scheme, and the people who suffer will be non-party Chapman's trusting fans. Meanwhile, Defendant, not content to simply convert Unleashed's property to sell CBD, went further and conspired with non-party Chapman to produce what appears to be a ponzi scheme. On the right side of the site, you see an advertisement for the show "Dog Unleashed," which has not only been suspended but has in fact been cancelled permanently.

## CAUSES OF ACTION

### COUNT I
*Conversion*

21. Plaintiff hereby incorporates into Count I the facts contained in paragraphs 1-20, and all other facts this Court deems necessary.

22. The license agreement, which was sent to Defendants on 03/14/2021, unquestionably grants Plaintiff exclusive rights to use the name "Dog Unleashed," and marketing content for the show in question. Defendant has exercised dominion and control over Plaintiff's

property, and has continued to do so after the Plaintiff notified Defendant of the illegal conduct and after the Plaintiff permanently cancelled production of the show, which Defendant continues to advertise on their websites. Plaintiff has made demands to Defendant, and Defendant has doubled down on its illegal conduct by conspiring with non-party Chapman to develop a ponzi scheme using the show's name. This has damaged Plaintiff and these damages increase every day that Defendants are permitted to use the property of the Plaintiff to promote the Defendant's CBD products and investment schemes.

## COUNT II
### *Civil Theft under C.R.S. § 18-4-401*

23.     Plaintiff hereby incorporates into Count II the facts contained in paragraphs 1-20, and any other facts this Court deems necessary.

24.      A claim of civil theft under Colorado law occurs when a person knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and: (a) intends to deprive the other person permanently of the use or benefit of the thing of value; or (b) knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or (c) uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; or (d) demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person." See Colorado Revised Statutes § 18-4-401.

25.     The Defendant has clearly used the property of the Plaintiff without authorization from the Plaintiff. Defendant has continued their illegal acts, further damaging Plaintiff. The use of the property to advertise a ponzi like scheme demonstrates intent to permanently deprive plaintiff of access to the property, as a reasonable person can assume that the property will be

worthless when Defendant and non-party Duane Chapman can't pay their "investors" "royalties" any longer.

## COUNT III
### *Injunctive Relief*

26. Plaintiff hereby incorporates into Count III the facts contained in paragraphs 1-20, and any other facts this Court deems necessary.

27. Based on the facts incorporated, Plaintiff requests injunctive relief in the form of immediately ordering that Defendant *cease and desist* from using the term "Unleashed," and "Dog Unleashed," or any variations thereof which could fairly be said to fall within the terms of the licensing agreement.

## JURY REQUEST

28. Plaintiff asks that This case be tried to a jury of peers.

## REQUEST FOR RELIEF

Plaintiffs pray judgment against the defendant as set forth:

29. Amount of damages to be proven at trial;

30. Treble damages pursuant to C.R.S. § 18-4-401

31. Pre and Post Judgment Interest on all damages allowed by law;

32. An Order enjoining Defendants from continuing to use property owned or controlled by Plaintiff;

33. For costs of suit herein;

34. For attorneys fees under existing law; and

35. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 31st day of March 2021,

/s/ *Maria-Vittoria G. Carminati*
Maria-Vittoria G. Carminati, CO # 30379
NDH LLC
1312 17th Street, Unite 2010
Denver, CO 80202
720.445.5655
mvcarminati@ndh-law.com