IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNLEASHED ENTERTAINMENT, LLC

    *Plaintiff,*

v.

    Case No. 1:21-cv-928

CBD GLOBAL SCIENCES, INC.,

    *Defendant.*

---

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12 (c), F.R.C.P. AND FOR OTHER RELIEF PURSUANT TO RULE 11, F.R.C.P. AND C.R.S. 13-17-102**

---

Defendant, by and through its counsel of record, moves for a Judgment on the Pleadings pursuant to Rule 12(c), F.R.C.P and for other relief pursuant to Rule 11, F.R.C.P. and C.R.S. 13-17-102. As grounds why this Motion should be granted, the Court is advised as follows:

**LEGAL STANDARDS FOR GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure applies the same standards as a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007); *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006). Under the applicable standard, the court reviews the complaint in the light most favorable to the

non-moving party, accepting as true all well pleaded factual allegations. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)). The court need not accept as true legal conclusions or unwarranted factual inferences contained in the pleadings. *Id.* (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive the motion, "the complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.* (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). S*ee also Shuptrine v. McDougal Littell*, No. 1:07-cv-181, 2008 WL 400453, at * 1 (E.D. Tenn. Feb. 12, 2008) (ruling on a Rule 12(c) motion and identifying the standard for a motion to dismiss under Rule 12(b)(6), in light of *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007), as whether the complaint pleads enough facts to state a claim to relief that is plausible on its face)." *Terrence Johnson, et al v. Phil Bredesen, et al.* 579 F.Supp. 2d 1044 (2009).

"*Rule 12(c)* of the Federal Rules of Civil Procedure provides that "after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." *Fed.R.Civ.P. 12(c)*. A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co.*, 883 F.2d 1429, 1436 (9th Cir. 1989). The court must assume the truthfulness of the material facts alleged in the complaint. All inferences reasonably drawn from these facts must be construed in favor of the responding party. *General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church,* 887 F.2d 228, 230 (9th Cir. 1989). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. *Fed. R. Civ. Pro. 12(c)*.

2

However, documents submitted with the complaint may be considered as part of the complaint for purposes of a motion for judgment on the pleadings. *Hal Roach Studios*, 896 F.2d at 1555. The court may consider the full text of documents referred to in the complaint without converting the motion to Case 1:03-cv-05321-OWW -LJO Document 54 Filed 02/10/06 Page 3 of 5 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 4 a motion for summary judgment, provided that the document is central to the plaintiff's claim and no party questions the authenticity of the document. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994." Miller v. Loiaza, M.D., CV F 03 5321 OWW LJO, U S District Court, Eastern District of California.

"Federal district courts have applied a "fairly restrictive standard in ruling on motions for judgment on the pleadings." *Bryan Ashley Int'l, Inc. v. Shelby Williams Indus., Inc.,* 932 F. Supp. 290, 291 (S.D.Fla.1996) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1990)). To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law. *Id.; Vagenas v. Continental Gin Co.,* 789 F. Supp. 1137, 1138 (M.D.Ala. 1992), *vacated on other grounds,* 988 F.2d 104 (11th Cir.1993), *cert. denied,* 510 U.S. 947, 114 S. Ct. 389, 126 L. Ed. 2d 337 (1993); *Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir.1973). Moreover, the district court must view the facts presented in the pleadings, and all inferences drawn thereof, in the light most favorable to the non-moving party. *Inst. for Scientific Info., Inc. v. Gordon and Breach,* 931 F.2d 1002, 1004 (3rd Cir.1991), *cert. denied,* 502 U.S. 909, 112 S. Ct. 302, 116 L. Ed. 2d 245 (1991). The standard of review for Rule 12(b) (6) and Rule 12(c) motions are identical. *See Bryan Ashley,* 932 F. Supp. at 291-92 (citations omitted); *Delta Truck & Tractor v. Navistar Intern. Transp.,* 833 F. Supp. 587 (W.D.La.1993) (applying the standard used for Rule 12(b) (6)

motions to Rule 12(c) motions) (citations omitted). *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1564 (S.D. Fla. 1997)."

Additionally, Rule 8(2), F.R.C.P., requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Defendant contends the Complaint, as pled, fails in all respects to adhere to the Rule.

## BACKGROUND BASED ON ALLEGATIONS IN THE COMPLAINT

1. In its Answer to the Complaint Defendant included the defense of Failure to State a Claim upon which Relief may be Granted.

2. This Motion is filed in conjunction with that same Defense.

3. Allegation 2. in the Complaint avers the Plaintiff is a "Limited Liability Corporation organized under the laws of the State of Wyoming."

4. Allegation 11. found in Statement of Facts in the Complaint alleges: "On September 20, 2020 non-parties Duane Chapman and Francine Frane entered an agreement with Unleashed Entertainment ... [Plaintiff]."

5. Attached to this Motion as Exhibit A is a copy of the "agreement" referenced in Allegation 11. of the Complaint. The agreement bears only the signature of Francine Frane and it was she who furnished the attached copy to Defendant upon Defendant's request made after the Complaint was filed. Plaintiff's newest counsel also furnished a blank copy of a "Program License Agreement" which for the most part mirrors the agreement signed by Ms. Frane. A copy of that blank agreement is attached to this Motion as Exhibit B.

6. Attached to this Motion as Exhibit C is a copy of the Filing Information for Unleashed Entertainment, LLC generated from the Wyoming Secretary of State Business Division site. Exhibit C reflects the "Filing Date" for the Plaintiff entity

occurred on January 6, 2021 which is more than 3 months after the September 20, 2020 date upon which Plaintiff asserts it entered into the "agreement". Plaintiff did not exist as an entity on September 20, 2021. Nothing in either the agreement of the Complaint states that the Defendant knew of the Plaintiff's non-existence at the time Ms. Frane signed the agreement or that any party intended the Plaintiff would become bound by the agreement once it became a formed entity.

7. At the other end of the spectrum is that the lack of any signature by Plaintiff or of an individual alleged to be acting on Plaintiff's behalf in anticipation of the Plaintiff's future formation.

8. Of even more significance is the fact the agreement states it is between "Unleashed LLC, a Delaware Limited Liability Company" and a blank line. The Plaintiff is Unleashed Entertainment, LLC who does not appear nor is mentioned anywhere in the agreement as a party. While it does appear Francine Frane signed the agreement and that she is referenced as PRODUCER in the signature block, paragraph 5. of the same agreement states: "During the term, the Program and all clips and material elements thereof will be exclusive to Company in the Authorized Distribution Media in the Territory." But a reading of the agreement discloses no identification or designation of either an Authorized Distribution Media or a Territory or of any Program or clips. Throughout the agreement, there are various obligations imposed on the PRODUCER as well as numerous rights granted to the same PRODUCER, e.g., paragraphs 5., 6., 9. and 10. However, nothing in the agreement grants any exclusive right to either Unleashed LLC or to Plaintiff for the use of the name "Dog Unleashed".

9. Plaintiff, while drafting the Complaint, appears to have come to the same conclusion about exclusive use of the name "Dog Unleashed" as that stated above in

5

paragraph 8. of this Motion. In an effort to abort the problem, Plaintiff chose to aver in allegation 22. that "[t]he license agreement, which was sent to Defendants on 03/14/2021, unquestionably grants Plaintiff exclusive rights to use the name 'Dog Unleashed' and marketing content for the show in question." A copy of the purported license agreement does not accompany the Complaint.

10. Moreover, upon best information and belief, Defendant had never seen nor been made aware of the existence of any such license agreement (other than the "Program License Agreement" furnished by Francine Frane after the Complaint was filed) until reading the averments in allegation 22. of the Complaint. Defendant has never executed any such license agreement with either Plaintiff or Unleashed LLC.

11. Plaintiff has never entered into any verbal or written agreement with Francine Frane concerning any matter whatsoever.

12. The averments in Allegation 20., *inter alia*, claim some website gives a description of the "product". Neither the name of the website nor the description of the product is stated as part of the averments.

13. Allegations 22, 24 and 25. of the Complaint together claim [d]efendant has exercised dominion and control over Plaintiff's property and has continued to do so after the Plaintiff notified Defendant of the illegal conduct … ." Nothing in the Complaint defines or otherwise avers with any clarity whatsoever the "property" over which Defendant is allegedly exercising "dominion and control." At this point and bluntly put, Plaintiff must either *show its cards or fold.*

14. Allegations 26. and 27. of the Complaint seek injunctive relief. The allegations are grossly short of averring what is required to obtain injunctive relief at the federal level. Referencing the latter: The Supreme Court has described the four

preliminary injunction factors as follows: "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)." *The State of Colorado, Plaintiff, v. U.S. Environmental Protection Agency; Andrew Wheeler, in his official capacity as Administrator of the U.S. U.S. Environmental Protection Agency; U.S. Army Corps of Engineers; and R.D. James in his official capacity as Assistant Secretary of the Army for Civil Works*, Civil Action No. 20-cv-1461-WJM-NRN, U S District Court for the state of Colorado. 445 F. Supp. 3d 1295 (D. Colo. 2020.)  See also *Pikes Peak Justice & Peace Commission, et al. v. The City of Colorado Springs, Colorado*, In the United States District Court for the District of Colorado, Civil Action No. 12-cv-3095-MSK and Caldara, et al. v. City of Boulder, et al., In the United States District Court for the District of Colorado Civil Action No. 1:18-cv-01211-MSK-MEH . In the instant case nothing whatsoever has been alleged by the Plaintiff that in any way corresponds or comports with the requirements set forth at the federal court level to support the granting of injunctive relief in this case.

15.  Between the time this case was filed on March 21, 2021 and the date an Answer was filed on May 28, 2021, the Plaintiff had ample time during which to file an Amended Complaint which could have corrected the deficiencies in pleadings which this Motion brings to the Court's attention. No such amendment was submitted.

16.  Rule 11, F.R.C.P. states in part:

> **Rule 11— Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**

> *(a) **Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.*
>
> *(b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;*
>
> *(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;*
>
> *(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have*

> *evidentiary support after a reasonable opportunity for further investigation or discovery; and*
>
> **(4)** *the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.*
>
> **(c) Sanctions.** *If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.*

17. C.R.S. 13-17-102, reads:

> "(4) The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under the Colorado rules of civil procedure or a designation by a defending party under section 13-21-111.5(3) that lacked substantial justification. As used in this article, "lacked

substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious."

18. In a conversation with Plaintiff's counsel of record on or about May 27, 2021, Defendant's counsel was informed Plaintiff's counsel had never seen the "agreement" and furthermore that she neither drafted the Complaint nor did she have any knowledge of the facts attributable to the facts alleged in the Complaint.

19. Based on what Defendant's counsel learned from Plaintiff's counsel, it could be said that Plaintiff's counsel appeared in this case only as a "straw person" and nothing more.

20. Such an appearance completely violates the provisions of Rule 11 cited above.

21. The threads of the majority of allegations and contained averments in the Complaint would appear to buttress the fact that, whoever was the drafter, was randomly flinging lots of arrows without ever defining a target except to harass the Defendant.

22. The Complaint is groundless, frivolous and vexatious based on the facts cited above in this Motion.

23. Rule 11. (b)(2), (3) and (4) apply in this case to not only the Plaintiff's original counsel of record, Maria-Vittoria G. Carminati, but also to the current counsel who should have done much more due diligence before entering an appearance in the case.

24. The Complaint is nothing less than an intentional effort by Plaintiff to use the legal system to harass and otherwise bully the Defendant for payment of money with obscure, disconnected and baseless averments and allegations.

25. To date Defendant has had no choice, but to spend no less than $20,000 pursuing an investigation of the facts alleged in the Complaint and launching a defense to the Complaint.   26. Defendant, a Canadian publicly traded corporation which is registered as a

foreign corporation in Colorado, has also been required to spend time and money furnishing explanations to its stockholders about this case.

Wherefore, Defendant prays for an Order of Judgment on the Pleadings dismissing the Complaint with prejudice, for costs, and for findings and an Order pursuant to Rule 11, F.R.C.P., and pursuant to C.R.S. 13-17-102 (4) imposing costs and attorney fees on the Plaintiff and its former and present attorneys of record and for such other relief as to the Court shall seem appropriate.

Respectfully submitted this 27th the day of July 2021.

/s/ Frederick L. Ginsberg, Esq.
Frederick L. Ginsberg, #1029
19201 East Mainstreet, Suite 201
**MAIL TO:** P.O. Box 697
Parker, Colorado 80134
Tele: 303-841-0877

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2021, a true and correct copy of the foregoing Motion was electronically filed via CM/ECF and was served to the following:

Sarah Donahue, Esq.
Feldmann Nagel Cantafio & Song, PLLC
1875 Lawrence St., Ste. 730
Denver, CO 80202
Attorneys for Plaintiff

Maria-Vittoria G. Carminati
NDH LLC
1312 17th Street, Unite 2010
Denver, CO 80202
**(Copy also mailed to the above Counsel at the same address as above.)**

*Duly signed original on file at the office of Frederick L. Ginsberg, P.C.*
*/s/ Elena Loutchiano*
Elena Loutchiano, Paralegal